IN THE MATTER OF BONNIN & CO., S. en C., by Its Active Partners: Pedro Juan Bonnin Fuster, Juan Bonnin Pico, and Pedro Bonnin Fuster et al., Petitioning Creditors,

*v.*

CANDIDO VAZQUEZ, Bankrupt.

San Juan, Bankruptcy, No. 496.

Opinion filed December 3, 1923.

*Mr. Vicente Zayas Pizarro* for petitioning creditors.

*Mr. Manuel Cruz Horta* for bankrupt.

ODLIN, Judge, delivered the following opinion:

The amended petition which was tendered to the clerk of this court on October 2, 1923, and which this court now directs shall be filed nunc pro tunc as of that date, alleges as an act of bankruptcy that within four months next preceding the date of

said amended petition the said alleged bankrupt, Candido Vazquez, committed an act of bankruptcy by suffering and permitting, while insolvent, one creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of the property affected by such preference, vacated or discharged such preference. The amended petition then goes on and recites in detail that about June 19, 1923, a certain firm in the city of Ponce not included in the list of the present petitioning creditors had knowledge that the said Candido Vazquez was actually insolvent, and that they then filed in the Insular district court at Ponce a complaint against the said Candido Vazquez for the collection of a certain debt due to them by the said Candido Vazquez, and that the latter made no defense to said proceedings, suffered a judgment to be entered, and then there followed a levy upon the property of the said Candido Vazquez, all of which proceedings were duly notified to the latter and he made no appearance or opposition thereto, and therefore, inasmuch as most of the goods attached were perishable, the said Insular court ordered the marshal of that court to sell said perishable property and the advertisement of said sale took place fixed for the 23d day of July, 1923.

And it is further alleged that said goods so sold constitute substantially all the stock in trade of the said Candido Vazquez, and that said sale has never been vacated or discharged by the said Candido Vazquez, said sale resulting in a final disposition of the property of the said alleged bankrupt.

Counsel for the alleged bankrupt filed a motion to dismiss said amended petition upon the ground that it sets forth no facts which constitute an act of bankruptcy, inasmuch as there

is no allegation that the action brought in the Insular district court against the said Candido Vazquez, resulting in a judgment, rested upon an intent to prefer the plaintiffs in that suit.

Therefore, the question for this court is as to whether the allegation of an intent to defraud must be alleged in connection with proceedings of this character. I find on page 149 of vol. 1 of the 13th edition of Collier on Bankruptcy the following discussion of this question: "(3) Intent.—On the question as to whether intent is an element in this act of bankruptcy, the earlier and most of the later cases have held that intent had been dropped out, and that result—the inequity flowing from the transaction, rather than the animus of it—had been substituted instead. The question reached the Supreme Court late in 1901, and was then settled by a five-to-four decision which, reversing the court below, upholds the majority of the previous cases, and finally determines that intent is not an element of pleading or proof where the third act of bankruptcy is relied on. The court in this case drew a distinction between the present act and the Act of 1867, and noted the effect of omitting certain phrases, which, under the earlier act, clearly indicated that a preference must have been intended by the act of procuring or suffering property to be taken on legal proceedings. In other words, it is now the settled law that an insolvent may be thrown into bankruptcy by the requisite number of his creditors, if a judgment has been entered against him, execution issued, and levy made, and sale five or less days away, irrespective of whether he procured or merely could not prevent the judgment against him. This, from the creditor's standpoint, is the high-water mark of Anglo-Saxon 'acts of bankruptcy.' "

In view of this very clear statement of the present rule of law, I am obliged to hold that the motion for dismissal of the amended petition must be denied, and it is so Ordered. Candido Vazquez is declared a bankrupt, and this case is sent to the referee in bankruptcy at Ponce, who will proceed herein according to law.

To this order counsel for Candido Vazquez excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 3d day of December, 1923.